Glynnis Gradwell, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs November 18, 1982, to Judges BLATT, WILLIAMS, JR. and CRAIG, sitting as a panel of three.

40

*Glynnis Gradwell,* petitioner, for herself.

*Richard Lengler,* Associate Counsel, with him *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE CRAIG, January 5, 1983:

The claimant has appealed from a denial of benefits by the Unemployment Compensation Board of Review on the basis that the termination of the claimant's employment by her photo-finishing company employer was for willful misconduct, in that the claimant, after repeated warnings, three times violated the employer's dress code, which required female sales employees, including the claimant, to wear a uniform tunic and trouser pants, while requiring male sales employees to wear a supplied blue shirt and tie with their own "dress" pants.

The claimant's functional complaints about the required uniform—the absence of pantsuit pockets and the impossibility of changing clothes on the job—provide no justification for her defiance of the employer's requirement.

With no facts in dispute, the only substantial issue of law is whether or not the dress code requirements discriminated against women employees, in view of the differences in the employer's clothing requirements between the sexes. Classification as to the dress required of men and women employees, if reasonably related to the employer's legitimate purposes, would not constitute improper discrimination. *Cf. Carroll v. Talman Federal Savings and Loan Association,* 604 F.2d 1028 (7th Cir. 1979), *cert. denied,*

445 U.S. 929 (1980). Also, *see Britz v. Unemployment Compensation Board of Review* (No. 1170 C.D. 1978, filed June 4, 1979), in this court, upholding a classification based upon worker group, not gender. Here the dress classification, a rational one, was reasonably related to the employer's apparent goal of achieving a general level of uniformity in appearance.

We therefore affirm the decision.

### ORDER

Now, January 5, 1983, the decision of the Unemployment Compensation Board of Review, No. B-194917, dated May 1, 1981, is affirmed.